**In re Ronnie and Sherry PURDY,**
**Debtors.**

**The NATIONAL CITY BANK OF**
**ROME, Plaintiff,**

v.

**Ronnie PURDY and Sherry**
**Purdy, Defendants.**

**Bankruptcy No. 80–645R.**
**Adv. No. 81–025R.**

United States Bankruptcy Court,
N. D. Georgia,
Rome Division.

April 2, 1981.

Clinton J. Morgan, Rome, Ga., for plaintiff.

## ORDER

HUGH ROBINSON, Bankruptcy Judge.

This matter comes before the Court on plaintiff's motion filed March 19, 1981

which requests the Court to declare invalid the filing fee of $60.00 required in order to initiate an adversary proceeding in the bankruptcy court. The Court is further requested to declare that no creditor can legally be required to pay any fee as a prerequisite to seeking relief from the automatic stay pursuant to 11 U.S.C. § 362(d). Plaintiff also seeks a refund of the $60.00 fee paid when the instant adversary proceeding was commenced.

The fee requirement for the filing of a complaint seeking relief from the automatic stay has become a matter of particular concern to secured creditors who wish to foreclose on collateral. One bankruptcy judge has observed the increased tendency of counsel for secured creditors to file "applications" rather than complaints in order to avoid filing fees. *In Re: Zellmer*, 6 B.R. 497, 3 C.B.C.2d 42 (1980, B.C.N.D.Ill.). However, an action to obtain relief from the automatic stay is an adversary proceeding under Rule 701 of the Bankruptcy Rules which must be commenced by the filing of a complaint in accordance with Rule 703 of the Bankruptcy Rules. The requirements of these two rules cannot be eluded by the filing of an "application".

The filing fees charged by the bankruptcy court are set by the Judicial Conference of the United States pursuant to the authority granted that entity by 28 U.S.C. § 1930(b). At the session of the Judicial Conference held March 7–9, 1979 a schedule of fees was adopted which became effective on October 1, 1979. A filing fee of $60.00 is required for instituting any civil action, suit or proceeding in a controversy over which the bankruptcy court does not have exclusive jurisdiction. The instant adversary proceeding falls into that category. See 28 U.S.C. § 1471(b).

This Court cannot unilaterally invalidate the fee schedule promulgated by the Judicial Conference and sanctioned by statute. Therefore the relief requested by the plaintiff cannot be granted. In accordance with the foregoing it is

ORDERED that the plaintiff's motion for a declaration that the $60.00 fee for the filing of a complaint commencing an adversary proceeding to obtain relief from the automatic stay is invalid, for a declaration that no creditor can legally be required to pay a fee to bring an action for relief from the automatic stay and for a refund of the $60.00 paid by the plaintiff to initiate the instant adversary proceeding shall be and same is hereby denied.